UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

TERESA GAIL AUFFARTH
GARY GRAY AUFFARTH

Plaintiffs,

v.

RECOVERY ZONE, INC.,
Defendant.

---

Civil Action No.

## COMPLAINT

### Introduction

Plaintiffs Gary Gray and Teresa Gail Auffarth seek compensation for actual and statutory damages for the unlawful repossession of a personal motor vehicle.

### Parties

1.	Plaintiffs Gary Gray Auffarth and Teresa Gail Auffarth are a married couple domiciled in Florida.

2.	Recovery Zone, Inc., ("RZI") is a corporation organized under the laws of Massachusetts with its principal place of business in Springfield, Massachusetts. RZI is a repossession firm that regularly repossesses motor vehicles in Massachusetts.

### Jurisdiction and Venue

4.	Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy."

5.	Personal jurisdiction exists over Recovery Zone, Inc. because it was organized under the

1

laws of Massachusetts.  M.G.L. c. 223A, § 2.

6. This Court is the proper venue because the acts and omissions occurred in Massachusetts. 28 U.S.C. § 1391(b)(2).

## Statement of Facts

9. On October 30, 2021, Plaintiffs Teresa Gail Auffarth and Gary Gray Auffarth executed a Retail Installment Sales Contract ("RISC") for the purchase of a 2014 Infiniti 2X80 (hereafter the "Vehicle") with Vystar Credit Union ("VCU") as lienholder.

10. By October 2024, the Auffarths were in default on their payments under the RISC.

11. On the morning of October 21, 2024, the Vehicle was parked in the MGM-Springfield Casino parking garage in Springfield, Massachusetts.  Plaintiff Teresa Gail Auffarth ("Teresa") saw a tow truck operated by agents of RZI attempting to repossess the vehicle on behalf of VCU.

12. Before the Vehicle was hitched to the tow, Teresa entered the Vehicle and attempted to drive away. RZI lifted the Vehicle with Teresa inside, accused her of criminal conduct, and threatened to call the police on her unless she vacated the Vehicle and allowed the repossession to proceed.

13. Reluctantly, Teresa exited the Vehicle after removing as much of her personal belongings from the Vehicle as she could carry. Teresa was unable to remove approximately $500 worth of items, including an iPad, an Apple Watch, and a textbook.

14. Days later, Plaintiffs were informed where the Vehicle was being stored. When they attempted to retrieve their personal belongings, they were told such belongings had been disposed of.

## COUNT I
## Fair Debt Collection Practices Act - 15 U.S.C. § 1692 et seq.

15. The Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint and incorporate the same herein.

16. RZI is a business that uses instrumentalities of interstate commerce or the mails the principal purpose of which is enforcing security interests. As such, RZI is a "debt collector" for purposes of 15 U.S.C. § 1692f(6) of the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. §1692a(6).

17. The FDCPA prohibits collectors from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if…there is no present right to possession of the property claimed as collateral through an enforceable security interest" 15 U.S.C. § 1692f(6)(A).

18. The RISC allows repossession after default "if we do so peacefully and the law allows it."

19. Whether there is a "present right to possession" is determined by state law. *Shue v. JMAC Distribution, LLC,* 2024 WL 3849538, *3,114 UCC Rep.Serv.2d 712 (D. Mass. 2024) (and cases cited).

20. Section 2-609 of the Uniform Commercial Code, applicable in both Massachusetts and Florida, prohibits non-judicial repossession if it is effectuated via a breach of the peace. M.G.L. c. 106, § 2-609, Fla. Stat. § 679.609, *see also* M.G.L. c. 255, § 13J.

21. Breach of the peace, and therefore a violation of 15 U.S.C. § 1692f(6)(A), occurs when an automobile is hooked up to a tow truck and lifted up with the debtor inside. *Shue*, *supra* at *4.

22. RZI violated § 1692f(6)(A) by lifting the vehicle up with a tow truck when Teresa was

still inside and threatening to call the police on her if she did not leave.

23. There were no security interests on the Plaintiffs' personal belongings that RZI seized along with the Vehicle.

24. RZI violated § 1692f(6)(A) by dispossessing Plaintiffs' of these personal items.

## **PRAYER FOR RELIEF**

Plaintiffs Gary Gray Auffarth and Teresa Gail Auffarth pray that this Honorable Court enter judgment in their favor:

    a) Awarding actual damages pursuant to the Fair Debt Collection Practices Act from Recovery Zone, Inc. 15 U.S.C., § 1692k(a)(1). These include, but are not limited to, loss of the personal items, emotional pain suffering for unlawful repossession, and loss of use of their vehicle.

    b) Statutory damages of $1,000.00. 15 U.S.C., § 1692k(a)(2).

    c) Interest, costs, and reasonable attorneys' fees; 15 U.S.C., § 1692k(a)(3); and

    d) Ordering such further relief as shall be just and proper.

Respectfully Submitted,

> Gary Gray Auffarth
> Teresa Gail Auffarth
> By their attorney:
>
>    /s/ Sebastian Korth
> Sebastian Korth, Esq.
> BBO # 676127
> Consumer Law Group, LLC
> 35 Cold Spring Road, Suite 512
> Rocky Hill, CT 06067-9997
> Tel (860) 571-0408
> skorth@consumerlawgroup.com